**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| YEINER BRATH, | : | **HONORABLE ROBERT B. KUGLER** |
|  | : |  |
| Petitioner, | : | Civil Action No. 05-3545 (RBK) |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| HARLEY LAPPIN, | : |  |
|  | : |  |
| Respondent. | : |  |
|  | : |  |

**APPEARANCES:**

    YEINER BRATH, #69285-053
    MDC Brooklyn
    Metropolitan Detention Center
    P.O. Box 329002
    Brooklyn, New York  11232
    Petitioner Pro Se

    PAUL A. BLAINE, Assistant United States Attorney
    CHRISTOPHER J. CHRISTIE, United States Attorney
    401 Market Street, 4th Floor
    Camden, New Jersey  08101
    Attorneys for Respondent

**KUGLER**, District Judge

    Petitioner Yeiner Brath filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") refusal to place him in a shock incarceration program.  The BOP filed a motion to dismiss the Petition for failure to exhaust administrative remedies.  For the reasons expressed below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court will dismiss the Petition.

**I.   BACKGROUND**

Petitioner is incarcerated at the Metropolitan Detention Center in Brooklyn, New York, serving a federal sentence of 46 months imposed on October 7, 2003, by the United States District Court for the Eastern District of New York for conspiracy to distribute narcotics and money laundering.  See United States v. Brath, Crim. 02-1170 (NGG) judgment (E.D. N.Y. Oct. 7, 2003).  He asserts that, in accordance with the recommendation of Judge Nicholas G. Garaufis, on November 19, 2004, the BOP determined to place him in a shock incarceration program, see 18 U.S.C. § 4046, but held the transfer in abeyance pending bedspace.  He alleges that on January 5, 2005, Harley Lappin, the Director of the BOP, announced that the BOP was discontinuing the shock incarceration program due to budgetary pressures, effective immediately.  He maintains that, based on discontinuance of the program, on January 7, 2005, the BOP denied Petitioner's placement in the shock incarceration program.

Petitioner contends that, as a result of the failure to place him into the shock incarceration program, he was not eligible for a six-month sentence reduction.  He claims that termination of the program violates 18 U.S.C. § 4046 because the statute does not give the BOP discretion to terminate the program; violates the Administrative Procedures Act because the termination was effected without notice and comment; and violates

the Ex Post Facto Clause. He seeks an order directing the BOP to place him in the shock incarceration program, or to alternatively place him in home confinement.

The BOP filed a motion to dismiss the Petition, accompanied by the declaration of Michael D. Tafelski, Deputy Regional Counsel for the Northeast Regional Office of the BOP. According to Tafelski, Petitioner did not file an administrative remedy in regard to the shock incarceration program. The BOP argues that the habeas Petition should be dismissed because Petitioner failed to exhaust remedies available under the Administrative Remedy Program.

## II.  DISCUSSION

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v.

Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the execution of his sentence and he was incarcerated in New Jersey at the time he filed the Petition.[1]  See Spencer v. Kemna, 523 U.S. 1 (1998); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005).

Federal courts are authorized to dismiss summarily any habeas petition "if it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[2]

---

[1] At the time Petitioner filed the Petition, he was confined at the Federal Correctional Institution in Fairton, New Jersey. He was thereafter transferred to the Brooklyn Metropolitan Detention Center.

[2] For example, the Third Circuit has held that vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court. Thomas, 221 F.3d at 437; United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

In 1990, Congress authorized the BOP to place a federal prisoner who is sentenced to a term of incarceration of more than 12, but not more than 30, months, in the shock incarceration or intensive confinement center program.  See 18 U.S.C. § 4046. Section 4046, entitled "Shock incarceration program," provides:

> (a) The Bureau of Prisons may place in a shock incarceration program any person who is sentenced to a term of imprisonment of more than 12, but not more than 30, months, if such person consents to that placement.
>
> (b) For such initial portion of the term of imprisonment as the Bureau of Prisons may determine, not to exceed 6 months, an inmate in the shock incarceration program shall be required to--
>
> (1) adhere to a highly regimented schedule that provides the strict discipline, physical training, hard labor, drill, and ceremony characteristic of military basic training; and
>
> (2) participate in appropriate job training and educational programs (including literacy programs) and drug, alcohol, and other counseling programs.
>
> (c) An inmate who in the judgment of the Director of the Bureau of Prisons has successfully completed the required period of shock incarceration shall remain in the custody of the Bureau for such period (not to exceed the remainder of the prison term otherwise required by law to be served by that inmate), and under such conditions, as the Bureau deems appropriate.

18 U.S.C. § 4046.

Effective November 1, 1991, the United States Sentencing Guidelines were amended to provide:  "The court, pursuant to 18 U.S.C. § 3582(a) and 3621(b)(4), may recommend that a defendant who meets the criteria set forth in 18 U.S.C. § 4046 participate

in a shock incarceration program." U.S. Sentencing Guidelines Manual § 5F1.7 (Policy Statement).

The BOP also adopted regulations implementing the shock incarceration program. See 28 C.F.R. §§ 524.30 - 524.33. The regulations provide that the program "is a specialized program combining features of a military boot camp with the traditional correctional values of the Bureau of prisons, followed by extended participation in community-based programs." 28 C.F.R. § 524.30. The regulations expanded eligibility to include a statutorily eligible inmate serving a sentence of more than 12, but not more than 30 months, see 28 C.F.R. § 524.31(a)(1)(i), as well as an inmate who is serving "a sentence of more than 30, but not more than 60 months, and is within 24 months of a projected release date," see 28 C.F.R. § 524.31(a)(1)(ii). The regulations specify that the placement of eligible inmates in the program "is to be made by Bureau staff in accordance with sound correctional judgment and the availability of Bureau resources." See 28 C.F.R. § 524.31(b). In addition, the regulations authorize the BOP to reduce the sentence of an inmate who is serving a sentence between 12 and 30 months based on successful completion of the program. See 28 C.F.R. § 524.32(d)(2).

> An inmate eligible for participation in the program under § 524.31(a)(1)(i) who successfully completes the institution-based component, who maintains successful participation in a community-based program, and has a period of supervised release to

>     follow is eligible for up to a six month
>     reduction in sentence.

28 C.F.R. § 524.32(d)(2).

The BOP maintains that the Petition is subject to dismissal because Petitioner failed to exhaust the Administrative Remedy Program available to federal prisoners.[3]  Exhaustion would be futile, however, given that Petitioner is not challenging the application of the program to him, but the validity of the BOP's discontinuance of the program.  Under these circumstances, the purposes of exhaustion would not be served by requiring Petitioner to exhaust his administrative remedies.  See Woodall, 432 F.3d at 239 n.2 (affirming determination of this Court that,

---

[3] The Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement," except tort claims, inmate accident compensation claims, and Freedom of Information or Privacy Act requests.  28 C.F.R. §§ 542.10, 542.12(b).  An inmate must initially attempt to informally resolve the issue with staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counselor)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. 542.14.  The Warden is required to respond within 20 calendar days, but the inmate "may consider the absence of a response" within 20 days or 40 days, if the inmate has been informed in writing of the need for an extension, to be a denial.  Id.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  28 C.F.R. § 542.15(a).  The inmate may appeal to the General Counsel on a BP-11 within 30 days of the date the Regional Director signed the response.  Id.  Appeal to the General Counsel is the final administrative appeal. Id.

where Petitioner was not challenging the application of the community corrections program regulations, but their validity, exhaustion is not required because the purposes of exhaustion would not be served).  Dismissal of the Petition for failure to exhaust administrative remedies is not appropriate.

The Court will nevertheless dismiss the Petition because "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d at 45.  Petitioner is not entitled to relief because he is not statutorily eligible to participate in the shock incarceration program.  Petitioner was sentenced to a 46-month term of incarceration, but 18 U.S.C. § 4046 limits program eligibility to an inmate "who is sentenced to a term of imprisonment of more than 12, but not more than 30, months, if such person consents to that placement."  18 U.S.C. § 4046(a).  Although the regulations authorize the BOP to place an inmate who is serving a 31 to 60-month sentence in the program, see 28 C.F.R. 524.31(a)(1)(ii), the regulation expressly limits placement according to "the availability of Bureau resources." [4] Given that there is no dispute that the BOP's decision not to place Petitioner in the shock incarceration program was due to lack of resources, the BOP's failure to place Petitioner in the

---

[4] "Placement in the intensive confinement center [shock incarceration] program is to be made by Bureau staff in accordance with sound correctional judgment and the availability of Bureau resources."  28 C.F.R. § 524.31(b).

8

shock incarceration program did not violate the BOP's regulations. The Court will dismiss the Petition because "none of the grounds alleged in the petition would entitle [petitioner] to relief." United States v. Thomas, 221 F.3d at 437.

### III.  CONCLUSION

The Court will dismiss the Petition because Petitioner is not entitled to habeas relief.


                                        S/Robert B. Kugler
                                        **ROBERT B. KUGLER**
                                        United States District Judge


DATED:   May 26  , 2006